UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| ERIK JARRY AND ROBERT JARRY, }<br>ON BEHALF OF THEMSELVES AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>                                            }<br>                                Plaintiffs, }<br>v                                           }<br>                                            }<br>NATIONAL COLLEGIATE STUDENT LOAN }<br>TRUST 2005-3,                               }<br>THE NATIONAL COLLEGIATE FUNDING LLC, }<br>TRANSWORLD SYSTEMS, INC.,                   }<br>TURNSTILE CAPITAL MANAGEMENT, LLC, }<br>VANTAGE CAPITAL GROUP, LLC                  }<br>AND JOHN DOE 1-10 BEING THE                 }<br>SERVICER(S) OF THE LOANS,                   }<br>                                            }<br>                                Defendants. } | Civil Action, File No.<br>2:18-cv-00315-SJF-ARL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, Erik Jarry and Robert Jarry [hereinafter collectively known as "Jarry"] on behalf of themselves and all others similarly situated, by and through their attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Transworld Systems, Inc. ("Transworld"), The National Collegiate Funding LLC, National Collegiate Student Loan Trust 2005-3, and Vantage Capital Group, LLC ("Vantage"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Transworld's regular transaction of business within this district. Venue in this district also is proper based on Transworld possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection

Agency" in New York City which includes this district. Transworld also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Jarry are natural persons who reside at 147 Deer Run, Wading River, NY 11792.

6. Each Jarry is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015).

8. Forster & Garbus, LLP [hereinafter "F&G"] possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

9. On the second page of Exhibit A, F&G sets forth that it is a debt collector attempting to collect an alleged debt. Exhibit A contain disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

10. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal

purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. Based upon the allegations in the above four paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

12. Transworld is a California Domestic Corporation and a New York Foreign Corporation with a principal place of business of 500 Virginia Drive, Ste. 514, Ft. Washington, PA 19034.

13. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Transworld possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".]

14. Transworld operates an "Attorney Network business unit which is the agent and "Service Provider" (defined in Exhibit B) for fifteen Delaware statutory trusts including Defendants National Collegiate Student Loan Trust 2005-3. See Exhibit B.

15. Based on Exhibit B, the principal purpose of Transworld is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

16. Based upon the allegations in the above three paragraphs, Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. On August 5, 2016, F&G at the request and/or with the authority of Transworld and on behalf of National Collegiate Student Loan Trust 2005-3 filed Exhibit A.

18. On or after August 19, 2016, F&G at the request and/or with the authority of Transworld and on behalf of National Collegiate Student Loan Trust 2005-3 subsequently served Exhibit A on Jarry.

19. For the reasons set forth below, Jarry's receipt and reading of Exhibit A deprived Jarry of the right to not be subject to abusive, deceptive, or misleading debt collection practices.

20. Per Exhibit A, Exhibit A was filed and served to attempt to collect from Jarry an educational loan debt.  Also, Exhibit A was an attempt to collect this past due debt from Jarry in their individual capacity.  Therefore, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. The National Collegiate Funding LLC is a corporation with a principal place of business of c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE  19890.

22. National Collegiate Student Loan Trust 2005-3 is a Delaware Statutory Trust with a principal place of business and principal office at 230 Park Avenue, New York, New York.

23. Vantage is a Florida Limited Liability Company located in Delray Beach, FL.

## FIRST CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

25. **Section 18 of the New York State General Association Law ("Section 18") requires trusts doing business in New York to file a certificate of designation with the New York State Secretary of State before they are permitted to commence a lawsuit in New York State Court.**

26. National Collegiate Student Loan Trust 2005-3 does business in New York by virtue of the fact that it maintains an office in New York City, is organized under New York law, is composed of significantly New York debt, enters into contracts (including buying and selling its securities) in New York, has its principal place of business and principal office at 230 Park Avenue, New York, New York. National Collegiate Student Loan Trust 2005-3 also does business in New York by virtue of the number of lawsuits it brings throughout New York, the volume of its debt collection activities throughout New York, and its use of attorneys and debt collectors located throughout New York to file the lawsuits and attempt to collect the debt.

27. National Collegiate Student Loan Trust 2005-3 **did not file a certificate under Section 18**.

28. Since National Collegiate Student Loan Trust 2005-3 **did not file a certificate under Section 18** but does business in New York, F&G at the request and/or with the authority of Transworld and on behalf of National Collegiate Student Loan Trust 2005-3 had no legal right to file Exhibit A.

29. Paragraph 2 on page 2 of Exhibit A amounts to a statement that National Collegiate Student Loan Trust 2005-3 was authorized to file Exhibit A.

30. Since National Collegiate Student Loan Trust 2005-3 **did not file a certificate under Section 18** but does business in New York, National Collegiate Student Loan Trust 2005-3 was not authorized to file Exhibit A. Therefore, the statement in paragraph 2 on page 2 of Exhibit A constituted a false and material misrepresentation to Jarry and the court regarding the legal status of the debt.

31. Transworld, on behalf of itself and National Collegiate Student Loan Trust 2005-3 issued work standards, directives, and/or guidelines to F&G which contained instructions, controls,

and rules governing the steps F&G could and could not take to attempt to collect debts including the filing and prosecution of lawsuits. These instructions, controls, and rules controlled and/or substantially effected all the actions F&G took regarding the attempt to collection the educational loan debt via Exhibit A.

32. All the actions alleged in this Complaint taken by F&G were taken by F&G as the attorney and/or "debt collector" for, on behalf of, or at the request of the "debt collector" Transworld.

33. Based on the allegations in paragraphs 31 and 32 of this Complaint, Transworld is vicariously liable for the actions of F&G in attempting to collect the educational loan debt via the filing and/or service of Exhibit A.

34. Based on the allegations in this cause of action, Transworld violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

## SECOND CAUSE OF ACTION-CLASS CLAIM

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

36. Exhibit A directly or indirectly represented to Jarry and the court that National Collegiate Student Loan Trust 2005-3 had standing and/or a legal right to file and/or serve Exhibit A and/or to obtain a Judgment for the amount sought in Exhibit A.

37. As set forth in Exhibit A, the educational loan debt referred to in Exhibit A did not originate with National Collegiate Student Loan Trust 2005-3.

38. The educational loan debt referred to in Exhibit A were assigned, sold, or transferred one or more times before National Collegiate Student Loan Trust 2005-3 allegedly became the owner of the educational loan debt.

39. Prior to the filing and/or service of Exhibit A, Jarry did not receive a notice of the assignment, transfer, or sale from each and every prior assignor of the educational loan debt.

40. Prior to the filing and/or service of Exhibit A, Jarry was not sent a notice of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt.  In the alternative, prior to the filing and/or service of Exhibit A, there did not exist the ability to produce a document showing that Jarry was sent a notice of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt and/or the date on which Jarry received such notice.

41. For the reasons set forth in the above paragraphs 37-40, notwithstanding and separate and apart from NY CPLR 5019(c), pursuant to New York common law, National Collegiate Student Loan Trust 2005-3 did not have standing and/or a legal right to file and/or serve Exhibit A and/or to obtain a Judgment for the amount sought in Exhibit A.

42. Prior to filing and/or serving Exhibit A, F&G did not request, possess, and/or or review any documentation regarding the notice to Jarry of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt.  Therefore, F&G failed to conduct a "meaningful attorney review" prior to filing and/or serving Exhibit A.

43. Transworld, on behalf of itself and National Collegiate Student Loan Trust 2005-3, issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the filing and prosecution of lawsuits.  These instructions, controls, and rules included the types of account documents F&G could request or obtain at various stages of a debt collection lawsuit.  These instructions, controls, and rules controlled and/or substantially effected all the actions F&G took regarding the attempt to collection the

educational loan debts via Exhibit A.

44. All the actions alleged in this Complaint taken by F&G were taken by F&G as the attorney and/or "debt collector" for, on behalf of or at the request of the "debt collector" Transworld.

45. Based on the allegations in paragraphs 43 and 44 of this Complaint, Transworld is vicariously liable for the actions of F&G in attempting to collect the educational loan debt via the filing and/or service of Exhibit A.

46. Prior to F&G filing and/or serving Exhibit A Transworld refused to provide to F&G or prohibited F&G from requesting any documentation regarding the notice to Jarry of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt. In the alternative, Transworld authorized F&G to file and/or serve Exhibit A without F&G requesting or possessing any documentation regarding the notice to Jarry of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt. In the alternative, prior to F&G filing and/or serving Exhibit A, Transword knew or should have known that there did not exist the ability to produce a document showing that Jarry was sent a notice of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt and/or the date on which Jarry received such notice.

47. For the reasons set forth above, F&G attempting to collect the educational loan debts via the filing and/or service of Exhibit A amounted to a violation by Transworld of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and/or 15 USC 1692f (1).

### THIRD CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

49. Upon information and belief, F&G filed and/or served Exhibit A outside the statute of limitations as regards either the entire educational loan debt or the portion of the educational loan debt that was due prior to any acceleration of the educational loan debt to the extent allowed by the applicable statute of limitations and any tolling or forbearance of the applicable statute of limitations.

50. Prior to filing and/or serving Exhibit A, F&G did not request, possess, and/or or review any documentation regarding the date on which Jarry last made a payment and/or any forbearances.  Therefore, F&G failed to conduct a "meaningful attorney review" prior to filing and/or serving Exhibit A.

51. Transworld, on behalf of itself and National Collegiate Student Loan Trust 2005-3 issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the filing and prosecution of lawsuits.  These instructions, controls, and rules included the types of account documents F&G could request or obtain at various stages of a debt collection lawsuit.  These instructions, controls, and rules controlled and/or substantially effected all the actions F&G took regarding the attempt to collection the educational loan debts via Exhibit A.

52. All the actions alleged in this Complaint taken by F&G were taken by F&G as the attorney and/or "debt collector" for, on behalf of or at the request of the "debt collector" Transworld.

53. Based on the allegations in paragraphs 51 and 52 of this Complaint, Transworld is vicariously liable for the actions of F&G in attempting to collect the educational loan debts via the filing and/or service of Exhibit A.

54. Prior to F&G filing and/or serving Exhibit ATransworld refused to provide to F&G or

prohibited F&G from requesting any documentation regarding the date on which Jarry last made a payment and/or any forbearances. In the alternative, Transworld authorized F&G to file and/or serve Exhibit A without F&G requesting or possessing any documentation regarding the date on which Jarry last made a payment and/or any forbearances..

55. For the reasons set forth above, F&G attempting to collect the educational loan debts via the filing and/or service of Exhibit A amounted to a violation by Transworld of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and/or 15 USC 1692f (1).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-55 of this Complaint.

57. Based on the allegations set forth in this Complaint, the filing and/or service of Exhibit A by F&G was deceptive or misleading.

58. The filing and/or service of Exhibit A was consumer oriented for the following reasons:

   a. It was directed at Jarry;
   b. Each Jarry is a consumer;
   c. The conduct at issue against Jarry, each a consumer, affected or had the potential to affect similarly situated consumers; and
   d. Defendants regularly attempt to collect student loans and other consumer debts from hundreds or thousands of consumers. The same or similar misrepresentations and deceptions set forth in this Complaint were directed at numerous numbers of these consumers.

59. Jarry suffered injuries as a result of the deceptive or misleading actions including but not

limited to the aforementioned violations of their rights under the FDCPA, the cost of retaining an attorney to defend themselves, and the emotional distress of being sued.

60. For the same reasons as set forth in the prior causes of action in this Complaint, Transworld is vicariously liable and/or directly responsible for each of the aforementioned misrepresentations and deceptions set forth above.

61. The actions by F&G and Transworld set forth in this Complaint were done by F&G and Transworld as the attorney and/or agent of and for the benefit of National Collegiate Student Loan Trust 2005-3, The National Collegiate Funding LLC, and Vantage.

62. In light of the allegations in this cause of action, each of the aforementioned misrepresentations and deceptions set forth above constitute a violation of General Business Law 349 by Defendants.

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

64. The class consist of (a) all consumers (b) sued in New York State on behalf of National Collegiate Student Loan Trust 2005-3 via a lawsuit materially identical to Exhibit A within 3 years of the date of the filing of this lawsuit.

65. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

66. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

67. The predominant common question is whether the filing and/or serving of Exhibit A violates the FDCPA and/or General Business Law 349.

68. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

69. A class action is the superior means of adjudicating this dispute.

70. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, actual damages, and punitive damages in an amount to be determined at trial plus costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      March 21, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709