UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERIK JARRY and ROBERT JARRY,

      Plaintiffs      **REPORT AND
RECOMMENDATION**
  -against-       18-CV-0315 (SJF) (ARL)

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2005-3, *et al.*,

      Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

   Plaintiffs Erik Jarry and Robert Jarry (collectively, "Plaintiffs") bring this action against

defendants (1) National Collegiate Student Loan Trust 2005-3 ("NCSLT"); (2) The National

Collegiate Funding LLC; (3) Transworld Systems, Inc. ("TSI"); (4) Turnstile Capital

Management, LLC ("TCM"); (5) Vantage Capital Group, LLC; and (6) John Doe 1-10, being the

servicers of the loans (collectively, "Defendants") seeking damages for violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and New York General

Business Law ("NY GBL") § 349.  Before the Court, on referral from District Judge Feuerstein,

is the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 of

Defendants NCSLT, TSI and TCM (collectively, the "Moving Defendants").  For the reasons

stated below, the Court respectfully reports and recommends that the motion be denied without

prejudice to refiling.

## DISCUSSION

### I.  Local Rule 56.1

   The Moving Defendants failed to follow the directives of Rule 56.1 of the Local Civil

Rules of the United States District Courts for the Southern and Eastern Districts of New York

("Local Rule 56.1").  Local Rule 56.1 requires a party moving for summary judgment to submit a statement of the allegedly undisputed facts on which the moving party relies, together with citation to the admissible evidence in the record supporting each such fact.  *See* Local Rule 56.1(a), (d).  Failure to submit such a statement may constitute grounds for denial of the motion. *Id.*; *See, e.g., Taylor v. Always Ready & Reliable Sec., Inc*., No. 13-cv-8524 (CM), 2014 U.S. Dist. LEXIS 155282, 2014 WL 5525745 (S.D.N.Y. Oct. 27, 2014)*.*

 "District courts have broad discretion about how to enforce local rules." *Taylor*, 2014 U.S. Dist. LEXIS 155282, 2014 WL 5525745, at *1.  Here, while Defendants did provide a statement of facts in their Memorandum of Law in Support of Motion For Summary Judgment of Defendants National Collegiate Student Loan National Collegiate Student Loan Trust 2005-3, Transworld Systems, Inc., And Turnstile Capital Management, LLC, in which the Moving Defendants provided citation to evidence purporting to support their claim, the Moving Defendants' failure to comply with Local Rule 56.1 has lead to Plaintiff's failure to provide the Court with a counter statement as required by the rule.

 Accordingly, it is respectfully recommended that the Moving Defendants' motion be denied, without prejudice to refiling upon compliance with Local Rule 56.1.

## OBJECTIONS

 Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Such objections shall be filed with the Clerk of the Court via ECF.  Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997);

*Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).


Dated:  Central Islip, New York            **SO ORDERED:**
        February 6, 2019


_____/s_____
ARLENE R. LINDSAY
United States Magistrate J