**FILED**
**CLERK**
12:32 pm, Feb 26, 2019
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERIK JARRY and ROBERT JARRY,

                              Plaintiffs,

                                                                 **ORDER**
         -against-                                               18-CV-0315 (SJF)(ARL)

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2005-3, NATIONAL COLLEGIATE
FUNDING LLC, TRANSWORLD SYSTEMS, INC.,
TURNSTILE CAPITAL MANAGEMENT, LLC,
VANTAGE CAPITAL GROUP, LLC and
JOHN DOE 1-10, *being the Servicer(s) of the Loans*,

                              Defendants.
------------------------------------------------------------------X
FEUERSTEIN, District Judge:

Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated February 6, 2019 ("the Report"), *inter alia*, (1) recommending that the motion of defendants National Collegiate Student Loan Trust 2005-3, Transworld Systems, Inc. and Turnstile Capital Management, LLC (collectively, the "Moving Defendants") seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be denied without prejudice to refiling in compliance with Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 56.1"); and (2) advising, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) [sic] and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of  th[e] Report . . . to file written objections[,]" (Report at 2), and (b) that "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal." (*Id.* at 2-3) (citing *Thomas v. Arn*, 474 U.S. 140, 155, 105 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84

1

F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon counsel for all parties appearing in this action to date via ECF on February 6, 2019. (*See* Docket Entry ["DE"] 19).

No party has filed any timely objections to the Report, nor sought an extension of time to do so. Indeed, by letter dated February 7, 2019, the Moving Defendants advised the Court, in essence, that they intend to re-file their motion for summary judgment in accordance with the Report by March 7, 2019. (DE 20). For the reasons set forth below, the Report is accepted in its entirety.

I.      Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

2

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord Maitland v. Fishbein*, 712 F. App'x 90, 92 (2d Cir. Feb. 26, 2018) (summary order).

II.     Review of Report

Since no party has filed any timely objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, the Moving Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied without prejudice to refiling in compliance with Local Civil Rule 56.1.

SO ORDERED.

_____/s/_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated:  February 26, 2019
        Central Islip, New York