UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERIK JARRY and ROBERT JARRY,

                            Plaintiffs                         **REPORT AND**
                                                               **RECOMMENDATION**
                -against-                               18-CV-0315 (SJF) (ARL)

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2005-3, *et al.*,

                            Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        Plaintiffs Erik Jarry and Robert Jarry (collectively, the "Jarrys" or "Plaintiffs") bring this action against defendants (1) National Collegiate Student Loan Trust 2005-3 ("NCSLT"); (2) The National Collegiate Funding LLC; (3) Transworld Systems, Inc. ("TSI"); (4) Turnstile Capital Management, LLC ("TCM"); (5) Vantage Capital Group, LLC; and (6) John Doe 1-10, being the servicers of the loans seeking damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and New York General Business Law ("NY GBL") § 349. Before the Court, on referral from District Judge Feuerstein, is the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 of Defendants NCSLT, TSI and TCM (collectively, the "Moving Defendants"). For the reasons stated below, the Court respectfully reports and recommends that the motion be granted in part, denied, in part.

## BACKGROUND

**I.    Factual Background**

The following facts are drawn from the parties' Local Rule 56.1(a) Statements and are uncontested unless otherwise noted.

The Jarrys are "consumers" as defined by 15 U.S.C. § 1692(a)(3) residing in New York.

Compl. ¶¶ 5-6. TSI is a California Corporation with its principal place of business in Washington, Pennsylvania. *Id.* at ¶ 12. TSI possess a license from the New York City Department of Consumer Affairs to operation as a debt collection agency. *Id.* at ¶ 2. TSI Transworld operates an Attorney Network business unit which is the agent and Service Provider for fifteen Delaware statutory trusts including Defendant NCSLT. *Id.* at ¶ 14. NCSLT is a Delaware Statutory Trust with a principal place of business in New York. *Id.* at ¶ 22.

On August 5, 2016, NCSLT filed a Complaint (allegedly on behalf of or at the request of TSI, *see* Compl. ¶ 18) against the Jarrys in New York Supreme Court, Index No. 61218/2016, that sought collection of monies owed to NCSLT relative to the Jarrys' educational loan (the "New York Action"). Def. Rule 56.1 Stmt. ¶ 1. On August 25, 2016, the Jarrys filed an Answer with Counterclaims in the New York Action claiming that NCSLT violated the FDCPA and New York GBL§ 349 for actions and conduct related to and arising out of NCSLT's attempt to collect the sums owed on the Jarrys' educational loan. *Id.* at ¶ 2. TSI is not a party to the New York Action.

On December 12, 2017, the parties entered into a Settlement Stipulation (the "Settlement Stipulation"). Pursuant to the Settlement Stipulation, the Jarrys agreed to withdraw their answer and waive any and all defenses and/or counterclaims. ECF No. 23-5, Ex. C. to Easley Decl. In addition, the Settlement Stipulation provides that upon full payment of the settlement amount ($14,000) a stipulation of discontinuance of the New York Action shall be filed. *Id.* According to the terms of the Settlement Stipulation, the final payment by the Jarrys is not due until January 2022. *Id.* Finally, the Settlement Stipulation provides that "[t]his stipulation is in the settlement of this action only and only against the defendants signing this stipulation." *Id.*

In the present action, Plaintiffs assert claims against the Moving Defendants alleging that

2

they violated the FDCPA and GBL § 349 as a result of NCSLT's alleged: (1) failure to file a certificate of designation with the New York State Secretary of State before NCSLT filed the New York Action; (2) lack of standing to institute the New York Action because of NCSLT's alleged failure to provide the Plaintiffs with a notice of the assignment, transfer, or sale of the underlying educational loan; and (3) filing of the New York Action outside of the applicable statute of limitations and its counsel, i.e., Forster & Garbus ("F&G", which entity is not a party here), having failed to conduct "meaningful attorney review" prior to filing that lawsuit. Based upon these allegations, Plaintiffs contend TSI is vicariously liable for the actions of NCSLT and its attorneys, F&G, in the New York Action and therefore may be held responsible under the FDCPA and New York GBL § 349. *See* Complaint Counts One through Four, ECF No. 9.

## II. Procedural History

Plaintiffs commenced this action in the Supreme Court of New York, Suffolk County on August 18, 2017. The summons with notice was received by TSI on December 18, 2017 and TCM on January 2, 2018. The Moving Defendants removed the action to this Court on January 17, 2018. ECF No. 1. Plaintiffs filed a complaint in this court on March 21, 2018. ECF No. 9. TSI and NCSLT answered the complaint on May 14, 2018. ECF Nos. 11 and 12. TCM answered the Complaint on June 21, 2018. ECF No. 14.

On March 7, 2019, the Moving Defendants moved for summary judgment with respect to the claims against them pursuant to the doctrines of res judicata and collateral estoppel. ECF No. 23. In support of their motion for summary judgment the Moving Defendants rely upon Defendants' Local Rule 56.1 Statement of Material Facts ("Def. Rule 56.1 Stmt."), Memorandum Of Law In Support Of Motion For Summary Judgment Of Defendants National Collegiate Student Loan Trust 2005-3, Transworld Systems, Inc., and Turnstile Capital

Management, LLC ("Def. Mem.") and the Declaration of Aaron R. Easley ("Easley Decl."), attaching as exhibits the New York State Court Summons and Complaint, August 25, 2016 Answer with Counterclaim and Settlement Stipulation dated December 15, 2017. *Id.* Plaintiffs oppose the motion and rely upon a Memorandum of Law in Opposition ("Pl. Mem.") and Plaintiffs' Response To Defendants' 56.1 Statement ("Pl. Rule 56.1 Stmt."). The Moving Defendants have also submitted a Reply Memorandum In Further Support Of Motion For Summary Judgment Of Defendants National Collegiate Student Loan Trust 2005-3, Transworld Systems Inc. And Turnstile Capital Management, LLC (Def. Reply Mem.)

In their opposition to the Moving Defendants' motion for summary judgment, Plaintiffs agree to dismissal of their claims against NCSLT and TCM, with prejudice. *See* Plaintiffs' Memorandum of Law in Opposition ("Pl. Mem.") at 1. Accordingly, it is respectfully recommended that Plaintiffs' claims against NCSLT and TCM be dismissed with prejudice. Thus, all that remains for purposes of this motion are Plaintiffs' claims against TSI.

## DISCUSSION

### I. Standard of Law

#### A. Summary Judgment

"'Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law.'" *Puglisi v. Town of Hempstead*, No. 10 CV 1928, 2012 WL 4172010, *6 (E.D.N.Y. Sept. 17, 2012) (quoting *In re Blackwood Assocs., L.L.P.*, 153 F.3d 61, 67 (2d Cir. 1998) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c)). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party. *See Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998). If there is evidence in the record as

4

to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 129 (2d Cir. 1996), *cert denied*, 520 U.S. 1228 (1997).

The trial court's responsibility is "limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994). When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]here must exist 'specific facts showing that there is a genuine issue for trial' in order to deny summary judgment as to a particular claim." *Jamaica Ash & Rubbish v. Ferguson*, 85 F. Supp. 2d 174, 180 (E.D.N.Y. 2000) (quoting *Celotex*, 477 U.S. at 322). A moving party may obtain summary judgment by demonstrating that little or no evidence may be found in support of the non-moving party's case. "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999).

## II.  Analysis

The Moving Defendants argue that they are entitled to summary judgment pursuant to the doctrines of res judicata and collateral estoppel because each of the claims asserted in this action have already been adjudicated on the merits in the New York Action. Res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994); *see also Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040 JFB ETB, 2009 U.S. Dist. LEXIS 84115, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009) ("All litigants,

5

including pro se plaintiffs, are bound by the principles of res judicata"). In sum, under the res judicata doctrine, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if [the claims are] based upon different theories" or asserted against new parties in privity to the parties in the prior litigation. *See Sosa v. JP Morgan Chase Bank*, 33 A.D.3d 609, 611, 822 N.Y.S.2d 122 (2d Dept. 2006); *Houdet v. U.S. Tennis Ass'n*, No. 13-CV-5131 (FB) (LB), 2014 U.S. Dist. LEXIS 167791, 2014 WL 6804109, at *4 (E.D.N.Y. Dec. 3, 2014) (finding res judicata to apply "not just to the parties in a prior litigation but also to those in privity with them" where the "new defendants have a sufficiently close relationship to justify [its] application")). As the Second Circuit explained in *Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102 (2d Cir. 2015):

> The term *res judicata*, which means essentially that the matter in the controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion. Under claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not. The doctrine of issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

*Id.* at 107; *Fequiere v. Tribeca Lending*, No. 14-CV-812 (RRM)(LB), 2016 U.S. Dist. LEXIS 31783, 2016 WL 1057000, at *5 (E.D.N.Y. Mar. 11, 2016).

"To prove that a claim is precluded under this doctrine, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001).

Here, the first of the requirements for res judicata is not met. A settlement agreement

6

constitutes a final judgment on the merits only when it results dismissal, with prejudice. *See, e.g., Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002) ("It is clear that a dismissal, with prejudice, arising out of a settlement agreement operates as a final judgment for res judicata purposes."); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (finding a settlement agreement and executed stipulation of dismissal in qui tam suit to be a final judgment in res judicata context); *see also Greenberg v. Bd. of Governors of the Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir. 1992) ("Settlements may also have preclusive effect.").

Under New York law the doctrines of collateral estoppel and res judicata are inapplicable to cases disposed of by a stipulation of settlement "[b]ecause no order or final judgment was ever entered dismissing the prior action . . . ." *Gallo v. Teplitz Tri-State Recycling*, 254 A.D.2d 253, 678 N.Y.S.2d 140, 142 (2d Dep't 1998) (citing *Berkshire Nursing Center v. Len Realty Co.*, 168 A.D.2d 475, 562 N.Y.S.2d 716, 717 (2d Dep't 1990); *Dunleavy v. First Am. Tit. Ins. Co. of N.Y.*, 117 A.D.2d 952, 499 N.Y.S.2d 264 (3d Cir. 1986); *Ott v. Barash*, 109 A.D.2d 254, 491 N.Y.S.2d 661, 668 (2d Dep't 1985); *Peterson v. Forkey*, 50 A.D.2d 774, 376 N.Y.S.2d 560, 561-62 (1st Dep't 1975)); *see also Stuart Realty Co. v Rye Country Store*, 296 A.D.2d 455, 745 N.Y.S.2d 72 2d Dep't, 2002) (reversing the granting of a motion to dismiss on the basis of res judicata because "the record does not reflect the entry of an order or judgment dismissing the prior action which would serve as the basis for the application of the doctrine of res judicata in the subsequent action"). Moreover, the Supreme Court has held that "a settlement does not create collateral estoppel, even between or among the parties to the settlement, unless it is clear that the parties intended it to—and that requires stipulating to findings of fact." *Arizona v. California*, 530 U.S. 392, 411, 120 S. Ct. 2304, 147 L. Ed. 2d 374 (2000); *see Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 291 (2d Cir. 2002).

There is nothing in the record indicating that an order or judgment has been entered which can serve as the basis for the application of the doctrines of collateral estoppel and res judicata. The Settlement Agreement itself does not provide for the withdrawal of the Jarrys' counterclaims and affirmative defenses with prejudice. In addition, it provides that a stipulation of discontinuance of NCSLT's claims shall not be filed until Jarrys' debt is repaid (based upon the Court's calculations – January 2022), or in the event the Jarrys fail to make payments pursuant to the agreed upon schedule, NCSLT shall have the right to enter judgment for the full amount demanded in the Complaint in the New York Action. Thus, at this juncture, there is no final judgment in place in the New York Action. Accordingly, the undersigned respectfully recommends that Defendants' motion for summary judgment be denied.

Defendant TSI argues that in the event the Court finds that the Settlement Stipulation lacks the necessary finality to apply the doctrines of res judicata and collateral estoppel, dismissal is nevertheless warranted pursuant to the doctrine of abstention. "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]" *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). This rule "stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* In Colorado River, the Supreme Court held that "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," could justify dismissal of a federal action, but only in "exceptional" circumstances. *Id.* at 818. "Only the clearest of justifications will warrant dismissal." *Id.* at 819. "[T]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Id.* at

8

816.

As a threshold matter, the court must determine whether the present action and the state court proceedings are "parallel." A finding that proceedings are parallel is a necessary prerequisite to the exercise of Colorado River abstention. *Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir.1998). Lawsuits are considered parallel "if substantially the same parties are contemporaneously litigating substantially the same issues in different forums'." *Dittmer*, 146 F.3d at 118, quoting *Day v. Union Mines, Inc.*, 862 F.2d 652, 655 (7th Cir.1988). Here, there is no question that the present action and state court action involves substantially the same claims arising out of the same set of facts. However, while the parties assume that there is a relationship giving rise to vicarious liability between TSI and NCSLT there are no facts before the Court from which the Court can assess the parameters of the relationship. Neither party set forth facts relating to the relation between TSI and NCSLT in their Local Rule 56.1 Statements and there are no clear allegations in the Complaint that have been admitted by TSI which establish the extent of the relationship between the co-defendants.

Thus, rather than dismiss the claims asserted in this action against TSI under Colorado River, the undersigned recommends that because the doctrines of res judicata and collateral estoppel may ultimately bar these claims in the event a final discontinuance with prejudice is so ordered by the state court, this action should be stayed to allow for entry of a final judgment in the New York Action.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the

9

Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       April 23, 2019

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge