UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERIK JARRY and ROBERT JARRY,

                Plaintiffs,

-against-

**ORDER**
18-CV-0315 (SJF)(ARL)

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2005-3, NATIONAL COLLEGIATE
FUNDING LLC, TRANSWORLD SYSTEMS, INC.,
TURNSTILE CAPITAL MANAGEMENT, LLC,
VANTAGE CAPITAL GROUP, LLC and
JOHN DOE 1-10, *being the Servicer(s) of the Loans*,

                Defendants.
------------------------------------------------------------------X
FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiffs Erik Jarry and Robert Jarry (collectively, "plaintiffs" or "the Jarrys") to so much of the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated April 23, 2019 ("the Report"), as recommends "that because the doctrines of res judicata and collateral estoppel may ultimately bar [their] claims in the event a final discontinuance with prejudice is so ordered by the state court, this action should be stayed to allow for entry of a final judgment" in an action commenced by defendant National Collegiate Student Loan Trust 2005-3 ("NCSLT") against them in the Supreme Court of the State of New York, County of Suffolk, *National Collegiate Student Loan Trust 2005-3, a Delaware Statutory Trust(s) v. Jarry*, No. 612118/2016 (the "New York Action"). (Report at 9). For the reasons set forth below, plaintiffs' objections are overruled and the Report is accepted in its entirety.

1

I.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.   Objections

Plaintiffs contend, *inter alia*, that Magistrate Judge Lindsay erred in recommending that this action be stayed "to allow for entry of a final judgment in the New York Action," (Report at 9), because (i) "per the terms of the Stipulation of Settlement [filed in the New York Action (the 'Settlement Stipulation')], the parties are not required to and expressed no intent to file a

2

stipulation of discontinuance with prejudice as opposed to a stipulation of discontinuance and are not required to and expressed no intent to have any stipulation of discontinuance 'so ordered,'" (Plaintiffs' Objections to Report and Recommendation ["Plf. Obj."] at 2); and (ii) "the Settlement Stipulation does not contain any factual or legal findings; and therefore is not an adjudication on the merits for purposes of either collateral estoppel or res judicata regardless of whether a stipulation of discontinuance with or without prejudice gets filed." (*Id.* at 3). Plaintiffs further contend, *inter alia*, (i) that "the only stipulation of discontinuance permitted to be filed per the terms of the Stipulation of Settlement will have the effect of discontinuing the [New York Action] without prejudice" pursuant to Section 3217(c) of the New York Civil Practice Law and Rules, (Plf. Obj. at 2); (ii) that "based on paragraph 7 of the Stipulation of Settlement, there is no requirement for any stipulation of discontinuance that gets filed to contain any factual or legal findings,"[1] (*id.* at 3); and (iii) that absent any obligation to do so, they "certainly are not going to enter into a stipulation of discontinuance" either with prejudice or that contains any factual or legal findings. (*Id.* at 2-3).

Upon *de novo* review of the Report, all motion papers and the entire record, and consideration of plaintiffs' objections to the Report and the response thereto of defendants NCSLT, Turnstile Capital Management, LLC ("TCM") and Transworld Systems, Inc. ("TSI") (collectively, "defendants"), the objections are overruled and the Report is accepted in its entirety.

---

[1] Paragraph seven (7) of the Settlement Stipulation provides: "Upon full payment of the settlement sum, a stipulation of discontinuance of this action shall be filed with the Court." (Declaration of Aaron R. Easley, Esq., dated February 7, 2019 ["Easley Decl."], Ex. C, ¶ 7). The Settlement Stipulation further provides, in essence, that should the Jarrys default in their payment obligations thereunder, NCSLT "shall have the right to enter judgment without further notice for the full suit amount demanded in the complaint, together with interest, cost [sic] and disbursements, less any payments made." (*Id.*, ¶ 6).

3

In the New York Action, the Jarrys asserted counterclaims against NCSLT alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f, and Section 349 of the New York General Business Law, for actions and conduct related to and arising out of NCSLT's attempt to collect the sums owed on their educational loan. (*See* Easley Decl., Ex. B). Contrary to plaintiffs' contention, the provisions of the Settlement Stipulation, and the absence of any reservation of rights therein, suggests that the parties intended that the New York Action, including the Jarrys' counterclaims, would ultimately be dismissed in its entirety with prejudice. Indeed, pursuant to paragraph two (2) of the Settlement Stipulation, the Jarrys withdrew their answer in the New York Action and expressly "waive[d] any and all offsets, defenses and/or counterclaims." (*Id.*, Ex. C). Moreover, it is highly unlikely that the parties intended to resolve the New York Action for fourteen thousand dollars ($14,000.00) while leaving themselves at risk for continuing or future litigation arising out of the same transactions or operative facts.

Furthermore, contrary to plaintiffs' contention, "res judicata may apply to a stipulation of settlement without a judgment if it discontinues a claim with prejudice . . . *or* contains factual or legal findings." *1872 Monroe Ave. Assocs. v. Cogle*, 40 Misc. 3d 1208(A), 977 N.Y.S.2d 668, 2013 WL 3467444, at * 3 (N.Y. Civ. Ct., July 3, 2013) (emphasis added) (citations omitted); *see also Mooney v. Manhattan Occupational, Physical & Speech Therapies, PLLC*, 166 A.D.3d 957, 959, 89 N.Y.S.3d 707 (N.Y. App. Div. 2018) ("[A] stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata." (quotations and citation omitted)); *Trapani v. Squitieri*, 107 A.D.3d 696, 696-97, 965 N.Y.S.2d 887 (N.Y. App. Div. 2013) (accord). Thus, the absence of factual or legal findings in the Settlement Stipulation does not necessarily preclude the

application of either collateral estoppel or res judicata in the event a final discontinuance with prejudice is ultimately entered in the New York Action.

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Lindsay to which no specific objections are interposed, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth in the Report, plaintiffs' claims against NCSLT and TCM are dismissed in their entirety with prejudice; defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent that plaintiffs' claims against TSI are stayed pending a final disposition in the New York Action, and is otherwise denied; and this case is administratively closed with leave to reopen on ten (10) days' notice **but in no event later than February 8, 2022**.

III. Conclusion

For the reasons set forth above, plaintiffs' objections are overruled, the Report is accepted in its entirety and, for the reasons set forth in the Report, plaintiffs' claims against NCSLT and TCM are dismissed in their entirety with prejudice; defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent that plaintiffs' claims against TSI are stayed pending a final disposition in the New York Action, and is otherwise denied; and this case is administratively closed with leave to reopen on ten (10) days' notice **but in no event later than February 8, 2022**. The Clerk of the Court shall close this case.

SO ORDERED.

                                              /s/
                                    SANDRA J. FEUERSTEIN
                                    United States District Judge

Dated: June 25, 2019